SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

August 11, 2022

Alex D. Justice
SBI# 00211927
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Re: *State of Delaware v. Alex D. Justice,* Cr. No. 1203006756
Motion to Rehear -- Denial of Postconviction Relief (R-2)

Dear Mr. Justice:

On June 21, 2022, I received your second, *pro se* Motion for Postconviction Relief under Delaware Superior Court Rule Criminal Rule 61, dated June 15, 2022 (the "Motion"), together with a "Request of Leave to file Memorandum and Appendice [sic] … [also] … Requested Stay of Preliminary Review until Memorandum is Filed" (the "Requested Stay") with respect to the above-referenced matter.

The sole ground that you stated for relief in your Motion was ineffective assistance of your trial counsel. You cited as authority for your claim new evidence

of your actual innocence in fact under *Purnell v. State*.[1] Some of the facts you presented for this claim were new, and some of the facts were previously presented to this Court in your first *pro se* Motion for Postconviction Relief dated June 23, 2014, and your first Amended Motion for Postconviction Relief (after postconviction counsel was appointed for you) dated May 1, 2015, which was denied on September 22, 2015.

For the reasons stated in my letter opinion to you dated July 1, 2022, I denied both the Requested Stay and the Motion. Although the Motion was barred by all four procedural bars of Rule 61, none of these four procedural bars applies to a claim that pleads "*with particularity* that new evidence exists that creates a strong inference that the movant is *actually innocent in fact* of the acts underlying the charges of which he was convicted." [Emphasis supplied.][2]

Similarly, Rule 61 provides in pertinent part:

"A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was *convicted after a trial* and the motion … pleads with particularity that new evidence exists that creates a strong inference that the movant is *actually innocent in fact* of the acts underlying the charges of which he was convicted." [Emphasis supplied.][3]

---

[1] 254 A.3d 1053 (Del. 2021).
[2] Super. Ct. Crim. R. 61(i)(5).
[3] Super. Ct. Crim. R. 61(d)(2)(i).

After a thorough legal analysis in my July 1, 2022 opinion, I found that you had not presented any new evidence which created an inference of actual innocence in fact. Even if your evidence were "new," you did not show a reasonable probability that the jury would have had a reasonable doubt respecting your guilt and the other evidence of your guilt was significant. Thus, the four procedural bars to relief under Rule 61 applied, and you failed to overcome those procedural bars, so I summarily denied the Motion.

Your three-page, three-point Motion to Rehear Base Misapprehension of Fact of 61 Motion dated July 13, 2022 (the "Motion to Rehear") was filed with this Court on July 18, 2022. I will treat the Motion to Rehear as a motion for reargument under the Superior Court Civil Rules, which provide:

> A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor. Within 5 days after service of such motion, the opposing party may serve and file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether reargument will be granted. A copy of the motion and answer shall be furnished forthwith by the respective parties serving them to the Judge involved.[4]

You filed the Motion to Rehear well after this 5-day deadline, so it is procedurally barred.

---

[4] I look to Super. Ct. Civ. R. 59(e).

Even were I to consider the merits of the Motion to Rehear, after a careful review I see only claims previously considered or waived. When determining a motion for reargument, I consider whether I overlooked a precedent or legal principle that would have a controlling effect, or whether I misapprehended the law or the facts such as would affect the outcome of my July 1, 2022 decision.[5] In my view, I neither overlooked a controlling precedent or legal principle, nor misapprehended the law or the facts.

The Motion to Rehear is therefore **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:    Prothonotary's Office
       Department of Justice

---

[5] *Gass v. Truax*, 2002 WL 1426537 (Del. Super. June 28, 2002).